**From:** Ben Harrison (Lewis Cty) <bharrison@prosecutors.ky.gov>
**Sent:** Monday, July 15, 2024 9:17:06 AM
**To:** Sean Grabill <Sean.Grabill@hotmail.com>
**Subject:** RE: Open Carry in the City Building
**Attachments:** Opinion of the Attorney General 21-10.pdf

I am attaching a Kentucky Attorney General's Opinion on this topic. A couple of points the AG made in this opinion:

1. A city may limit the carrying concealed deadly weapons in a city building only by ordinance.
2. Kentucky law does not allow a city to prohibit or limit the open carrying of weapons.

Benjamin L. Harrison
Lewis County Attorney
112 Second Street, Suite 207
Vaneburg, KY 41179
bharrison@prosecutors.ky.gov
606-796-3201
606-796-0722 - Fax


**From:** Sean Grabill <Sean.Grabill@hotmail.com>
**Sent:** Friday, July 12, 2024 11:59 AM
**To:** Ben Harrison (Lewis Cty) <bharrison@prosecutors.ky.gov>
**Subject:** Open Carry in the City Building

> You don't often get email from sean.grabill@hotmail.com. Learn why this is important

Hi, Ben. I managed to find that document you asked me where it came from. The watermark was from DOCJT, but, I found it on handgunlaw.us. hopefully that will point you in the right direction.

If there's anything else I can help with, please let me know.

My cell number is 740-357-5174 if you'd like to give me a call when you get a chance to dig into all that.

Thanks again for your time and help.



Commonwealth of Kentucky
Office of the Attorney General

Daniel Cameron
Attorney General

Capitol Building, Suite 118
700 Capital Avenue
Frankfort, Kentucky 40601
(502) 696-5300
Fax: (502) 564-2894

October 6, 2021

## OAG 21-10

| | |
|---|---|
| *Subject:* | 1. Can the City of Ashland adopt as part of its employment policies and procedures a regulation prohibiting City employees, other than sworn law enforcement officers, from possessing or carrying firearms, either concealed or open carry, while on duty as a City employee without the express, written permission of the City Manager and discipline employees for a violation of such a policy? |
| | 2. Can the City of Ashland, as a condition of continued employment, ban City employees, other than sworn law enforcement officers, from possessing or carrying firearms while on duty as a City employee? |
| *Requested by:* | James H. Moore, III<br>City Attorney, City of Ashland |
| *Written by:* | Aaron J. Silletto<br>Assistant Attorney General |
| *Syllabus:* | 1. Under KRS 65.870(1) and KRS 237.115(2), local governments, including cities, may prohibit the carrying of concealed weapons in the portion of any building owned, leased, or controlled by that unit of government, but may do so only "by ordinance." |
| | 2. Under KRS 237.115(2), the City may, by ordinance, prohibit its employees from possessing or carrying concealed firearms inside |

Opinion of the Attorney General 21-10
October 6, 2021
Page 2

>buildings owned, leased, or controlled by the City. However, the City may not prohibit the "open" carrying of firearms, nor may it prohibit the carrying of firearms by employees while they are outside any building owned, leased, or controlled by the City, including in any vehicle.

### *Opinion of the Attorney General*

Several employees of the City of Ashland ("City") have petitioned the City Manager for permission to carry firearms—either concealed or open carry—while on duty as City employees. In that context, the City has asked for the Attorney General's opinion on the two questions outlined above.

Under Section 156b of the Kentucky Constitution, the General Assembly has broad authority to confer "home rule" powers upon cities. It has done so in KRS 82.082, which provides that "[a] city may exercise any power and perform any function within its boundaries . . . that is in furtherance of a public purpose of the city and not in conflict with a constitutional provision or statute." KRS 82.082(1).[1] An ordinance is "in conflict with a statute if it is expressly prohibited by a statute or there is a comprehensive scheme of legislation on the same general subject embodied in the Kentucky Revised Statutes." KRS 82.082(2). Thus, the City may not enact any ordinance that conflicts with any constitutional provision or state statute.

The General Assembly has enacted several statutes governing the authority of local governments to regulate firearms. The starting point in this analysis is KRS 65.870, which provides that "[n]o existing or future city . . . may occupy any part of the field of regulation of the . . . possession, carrying, storage, or transportation of firearms, ammunition, components of firearms, components of ammunition, firearms accessories, or combination thereof." KRS 65.870(1). "Any existing or future ordinance, executive order, administrative regulation, policy, procedure, rule, or any other form of executive or legislative action in violation of this section or the spirit thereof is hereby declared null, void, and unenforceable." KRS 65.870(2).

In OAG 93-71, this Office found that KRS 65.870 "prohibits local governments from enacting firearms control ordinances," and that "any doubt concerning the breadth of the legislative grant of power contained in [the applicable home rule statute] should in this case be resolved against the municipal ordinance and in favor of KRS 65.870." *See Ky. Concealed Carry Coalition, Inc. v. City of Hillview*, 2015-CA-000304, 2017 WL 3833253, *3 (Ky. App. Sept. 1, 2017) ("KRS 65.870(1) seeks to preempt local jurisdictions by declaring that the General Assembly has occupied the

---

[1]   KRS 82.082(1) is nearly identical to Section 156b of the Kentucky Constitution.

Opinion of the Attorney General 21-10
October 6, 2021
Page 3

entire field related to firearm regulation."). As a general proposition, then, the General Assembly has preempted the field of firearms regulation in the Commonwealth, and the City may not adopt any ordinance, policy, or procedure that is "any part of the field of regulation" of the possession or carrying of firearms or ammunition, whether by a City employee or otherwise.[2] For this reason, this Office opined in OAG 18-003 that a "local public agenc[y]" may not, consistent with KRS 65.870(1), "generally forbid all of its employees or other members from carrying firearms unless certified [as peace officers], where the carrying of such weapons would otherwise be lawful."

KRS 65.870 recognizes, however, that there may be exceptions to this general rule because it "shall not apply where a statute specifically authorizes or directs an agency or person specified in subsection (1) of this section to regulate a subject specified in subsection (1) of this section." KRS 65.870(7). As a result, the answers to the City's questions turn on whether the General Assembly has delegated to a city in another statute the authority to regulate the possession or carrying of firearms by its employees.

KRS 237.115 provides that "the legislative body of a . . . city . . . may, by . . . ordinance, prohibit or limit the carrying of concealed deadly weapons in that portion of a building owned, leased, or controlled by that unit of government." KRS 237.115(2). The ordinance "shall not specify any criminal penalty for its violation but may specify that persons violating the statute or ordinance may be denied entrance to the building, ordered to leave the building, and if employees of the unit of government, be subject to employee disciplinary measures for violation of the provisions of the . . . ordinance. The provisions of this section shall not be deemed to be a violation of KRS 65.870 if the requirements of this section are followed." *Id.*

KRS 237.115(2) is a specific exception to the general rule laid down by KRS 65.870, and permits local governments, including cities, to prohibit the carrying of concealed weapons under some circumstances. But the City may do so only "by ordinance," and not simply (as the City suggests in the first question it asks) as part of its employee policies and procedures.

But the scope of regulatory authority granted to cities and other local governments by KRS 237.115(2) is limited, not plenary. First, a city ordinance enacted under that statute may only regulate "the carrying of concealed deadly

---

[2] *See also* KRS 237.104(1) ("No person, unit of government, or governmental organization shall, . . . at any [] time, have the right to revoke, suspend, limit the use of, or otherwise impair the validity of the right of any person to . . . possess [or] carry . . . a firearm, firearm part, ammunition, ammunition component, or any deadly weapon or dangerous instrument.").

3

Opinion of the Attorney General 21-10
October 6, 2021
Page 4

weapons." The statute therefore does not allow a city to prohibit or limit the *open* carrying of weapons.

Second, the statute only allows the city to regulate concealed weapons "in that portion of a building owned, leased, or controlled by" the city. It does not allow for prohibitions by cities on the carrying of weapons—whether open or concealed—in a public park or other government property that is not a "building." OAG 96-39. Thus, KRS 237.115(2) would not permit the City to prohibit its employees from open carrying of firearms, even in government buildings, or from carrying firearms in any manner outside its buildings.

Additional statutory provisions also restrict the scope of the city's regulatory authority over firearms.[3] For example, public employers, such as the City, may not prohibit their employees from keeping firearms in their vehicles: "No person or organization, public or private, shall prohibit a person from possessing a firearm, ammunition, or both, or other deadly weapon in his or her vehicle in compliance with the provisions of KRS 237.109, 237.110, and 237.115." KRS 527.020(4). Under KRS 237.110(17), "[a] private but not a public employer" may prohibit its employees from carrying concealed deadly weapons in vehicles owned by the employer. In addition, "[n]o person or organization, public or private, shall prohibit a person from keeping a loaded or unloaded firearm or ammunition, or both, or other deadly weapon in a vehicle in accordance with the provisions of this subsection." KRS 527.020(8)[4]; *see also* KRS 237.106(1) (providing that an owner, lessee, or occupant of real estate may not prohibit any person who is legally entitled to possess a firearm from possessing a firearm or ammunition in a vehicle on the property). Thus, the City may not prohibit the possession or carrying of a firearm by an employee in a vehicle, *Mitchell v. Univ. of Ky.*, 366 S.W.3d 895, 899 (Ky. 2012), including in City-owned vehicles.

Synthesizing these statutory provisions, it is the Attorney General's opinion that the City may not prohibit its employees from carrying firearms "at all times and places" while on duty as a City employee. Even though KRS 237.115(2) recognizes that a City employee may be subject to disciplinary measures for violating a City firearms ordinance, the City's power to regulate firearms is limited to an ordinance that prohibits its employees from possessing or carrying concealed firearms inside

---

[3] These additional statutory restrictions are somewhat redundant because, as explained above, KRS 65.870 already broadly prohibits the political subdivisions of the Commonwealth from regulating the "possession, carrying, storage, or transportation of firearms." KRS 65.870(1).

[4] KRS 527.020(8) also provides that "[a] loaded or unloaded firearm or other deadly weapon shall not be deemed concealed on or about the person if it is located in any enclosed container, compartment, or storage space installed as original equipment in a motor vehicle by its manufacturer, including but not limited to a glove compartment, center console, or seat pocket, regardless of whether said enclosed container, storage space, or compartment is locked, unlocked, or does not have a locking mechanism."

Opinion of the Attorney General 21-10
October 6, 2021
Page 5

buildings owned, leased, or controlled by the City. But the City may not prohibit its employees from: (a) open carrying firearms inside City-owned buildings; (b) possessing or carrying any firearms, whether concealed or carried openly, on public property that is not a "building"; (c) possessing, carrying, or keeping firearms in their personal vehicles; or (d) possessing or carrying any firearms in City-owned vehicles.

                                **Daniel Cameron**
                                **ATTORNEY GENERAL**

                                Aaron J. Silletto
                                Assistant Attorney General